Glen CARR, Plaintiff,

v.

Ervin KORKOW, individually and d/b/a Korkow Rodeos, Donald Korkow, James Korkow, South Dakota 4–H Finals Rodeo Assn., and Paul M. "Willie" Cowan, Defendants.

No. CIV. 83–5112.

United States District Court, D. South Dakota, W.D.

Feb. 25, 1985.

Gregory A. Eiesland, Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, S.D., Terence R. Quinn, Stephens, Quinn & Buckmaster, Belle Fourche, S.D., for plaintiff.

Franklin J. Wallahan, Debra D. Watson, Rapid City, S.D., for defendants.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

Plaintiff was rendered a paraplegic in a 4–H Rodeo bareback bronc riding event. The case was duly tried by a jury which found three (3) Defendants negligent, two (2) Defendants not liable and set Plaintiff's damages at One Million Two Hundred Fifty Thousand Dollars ($1,250,000). In addition, Plaintiff settled with six (6) additional Defendants before trial for One Hundred Twenty-five Thousand Five Hundred Dollars ($125,500.00). All cross-claims were dismissed before trial. The verdict was general and did not apportion liability.

The Court must now enter judgment. This usually simple task is compounded by the parties' conflicting interpretation of South Dakota's version of the Uniform Contribution Among Joint Tortfeasors Act [UCAJTA], SDCL 15–8–11 through 15–8–22. Plaintiff argues that the Court must deduct the settlements *pro tanto* [1] which would result in a judgment of One Million One Hundred Twenty-four Thousand Five Hundred Dollars ($1,124,500.00). Defendants argue that the deduction must be *pro verdict.*

1. A reduction *pro tanto* is achieved by simply subtracting the settlement amount from the jury

*rata* [2] resulting in a judgment of Four Hundred Sixteen Thousand Two Hundred Fifty Dollars ($416,250.00). The Court must reconcile the South Dakota UCAJTA with two decisions of the South Dakota Supreme Court interpreting those statutes. *Degen v. Bayman*, 90 S.D. 400, 241 N.W.2d 703 (1976); *Duncan v. Pennington County Housing Authority*, 283 N.W.2d 546 (S.D.1979).

## BACKGROUND

In *Degen*, Plaintiff settled with one of two Defendants whose alleged negligence jointly and severally caused serious injury to Plaintiff. 241 N.W.2d at 705. The jury did not apportion fault. *Id.* The trial court reduced the amount of the verdict *pro tanto* by subtracting the amount paid for the settlement. *Degen*, 241 N.W.2d at 707. Plaintiff appealed, claiming that because the jury had not considered the fault of the settling Defendant, that the Court should make no deduction from the jury verdict. *Degen*, 241 N.W.2d at 707. To resolve the question, the South Dakota Supreme Court adopted the North Dakota Supreme Court reasoning in *Levi v. Montgomery*:

Thus the question at issue between the parties is determined by the pleadings. Even though the Plaintiff now contends that he, in fact, had no cause of action in tort against one of the Defendants, the court will consider the issues as framed by the pleadings. Where the Plaintiff charges several Defendants with tort, and one of the Defendants buys its way out of the suit and is given a release and covenant not to sue, the court will not go into the question of liability of such Defendant. The test in such case is: Was the Defendant sued as a tort-feasor? If so, any liability of the remaining Defendants to the Plaintiff must be reduced by the amount paid for such release or covenant not to sue by such Defendant.

[*Levi v. Montgomery, N.D.*] 120 N.W.2d [383] at 388–389 [1963].

*Degen*, 241 N.W.2d at 707; *see also Duncan* 283 N.W.2d at 551. The *Levi* Court basically ruled that after Plaintiff sues a Defendant and take money from that Defendant, it is too late to deny that Defendant's liability. Because *Degen* relies on *Levi*, the Court must briefly discuss the North Dakota reasoning. The North Dakota Supreme Court quoted a portion of that state's version of the UCAJTA:

When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any of the other tort-feasors from liability for the injury ... unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, whichever is the greater; and

2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor. Sec. 32–38–04 N.D.C.C.

*Levi*, 120 N.W.2d at 388.

Two items in *Levi* make that case weak precedent. First, paragraph 2 in the above passage is not found in the South Dakota UCAJTA. Quite the contrary, South Dakota specifically preserves the right to contribution from settling Defendants unless the conditions of SDCL 15-8-18 are first met. In addition, two Defendants were involved in *Levi*. The jury returned a verdict for Thirty Thousand Dollars ($30,000). The settling Defendant paid Plaintiff Fifteen Thousand Dollars ($15,000) before trial. *Levi*, 120 N.W.2d at 383. Whether the Court deducted *pro rata* or *pro tanto* made absolutely no difference in the judgment. In relying on *Levi*, the *Degen* Court did not acknowledge these distinctions.

---

2. A *pro rata* deduction is achieved by dividing the jury verdict by the number of joint tort-feasors and subtracting a portion for each tort-feasor who settled unless the factfinder actually determines the relative degrees of fault. Then the relative degree of fault of the settling Defendant is subtracted from the verdict.

Rather, the Court simply adopted the above-quoted language, which would make a settler who is sued as a joint tort-feasor, a joint tort-feasor.

*Degen,* like *Levi,* involved two alleged tort-feasors. The settling Defendant gave Plaintiff Sixty-five Thousand Dollars ($65,-000). The jury ultimately awarded Plaintiff One Hundred Thousand Dollars ($100,-000). 241 N.W.2d at 705. After quoting *Levi,* the *Degen* Court stated "we find that SDCL 15–8–17 is applicable and the lower court was correct in deducting Bayman's settlement from the jury verdict." 241 N.W.2d at 707–8.

Since the settlement in *Degen* was larger than the *pro rata* share ($100,000.00 verdict/2 accused tort-feasors), the *pro tanto* result was compelled because the settlement amount was larger. SDCL 15–8–17. Therefore, the *Degen* Court did not rule whether the reduction is always *pro tanto.* Nevertheless, the *Degen* Court quoted from *Levi* and seemed to rule that when liability is not found or admitted, then the reduction is always *pro tanto. Degen,* 242 N.W.2d at 707.

The next opportunity for the South Dakota Supreme Court to consider the UCAJTA was in *Duncan.* Plaintiff sued eleven Defendants. 283 N.W.2d at 547. Plaintiff settled with Defendant PCHA for Twenty Thousand Dollars ($20,000) and with nine other Defendants for One Hundred Thirty Thousand Dollars ($130,000) before trial. The jury found A & K, the remaining Defendant, negligent and awarded damages in the amount of Two Hundred Fifteen Thousand Dollars ($215,000). 283 N.W.2d at 550. By special interrogatory, the jury also found that the nine settling Defendants' negligence totaled 92%; A & K's negligence totaled 7.5%; that Plaintiff was .5% contributorily negligent and that PCHA was not negligent. *Id.*

The South Dakota Supreme Court held that the settling group who paid One Hundred Thirty Thousand Dollars ($130,000) actually extinguished One Hundred Ninety-seven Thousand Eight Hundred Dollars ($197,800) of the jury verdict. (.92 × $215,-000). 283 N.W.2d at 552. The *Duncan* Court then held that the Twenty Thousand Dollar ($20,000) PCHA settlement must be deduced *pro tanto. Duncan,* 283 N.W.2d at 550. These deductions extinguished more liability than the verdict amount, so the court held that A & K, the trial Defendant, owed nothing. *Duncan,* 283 N.W.2d at 552. The *Duncan* Court approved a *pro rata* reduction when that was the greater and a *pro tanto* reduction when the jury found no liability.

## DISCUSSION

The Court carefully reviewed the settlement documents here. All are identical except for the Defendants involved and the amount. The documents appear to attempt to accomplish two goals. First, Plaintiff agrees to indemnify the settling Defendants from any further liability which may occur beyond the settlement. That portion is not in dispute. The settlement documents also invoke the South Dakota UCAJTA. See for e.g. Theobald, et al., *Release and Indemnity Agreement,* p. 5. The effect of this portion is the source of this hot dispute.

Here, the jury was not presented with the issue of liability of the settling Defendants. The question is whether the Court is to deduct their settlements *pro rata* or *pro tanto.* Plaintiff argues that the settlement document controls and that it directs that the reduction be made *pro tanto.* However, it is not that clear. The operative language in the settlements before the Court is:

IT IS SPECIFICALLY ACKNOWLEDGED AND UNDERSTOOD that [Plaintiffs] may claim that additional parties, are liable or obligated to them, or may be liable to them arising out of the above-described injury to [Plaintiff] and expenses incurred thereafter, which liability may be jointly and severally as joint tortfeasors. This release is given under, pursuant to and consistent with, the South Dakota Uniform Contribution Among Joint Tort-feasors Law, SDCL 15–8–11 through 22. Thus, it is specifi-

cally acknowledged and agreed that this Release does and shall be construed to release [some Defendants], as stated above, in full, and further, that any sums or damages recovered against any other parties or any other persons who may be claimed to be joint tort-feasors, including [other Defendants] shall be reduced in the sum of [$_____], or alternatively, in such sum as shall be the extent of the *pro rata* share of any fault or liability on the part of [the settling Defendants] for damages to [Plaintiff], however, the same may be determined, and which ever sum shall be larger.

Theobald, et al, *Release and Indemnity Agreement* at p. 5–6.

According to *Levi, Degen* and *Duncan,* if Plaintiff sues Defendants as joint tort-feasors and settles with them, they are joint tort-feasors. SDCL 15–8–11 defines joint tort-feasor as "two or more persons jointly or severally liable in tort for the same injury to person or property, *whether or not judgment has been recovered against all or some of them.*" (emphasis added).

In other words, a party can become a joint tortfeasor, for purposes of applying the UCAJTA, even though the settling party has never been judicially determined to be liable or at fault. If the *Degen* and *Duncan* Courts meant what they said, then the settling parties without additional findings are joint tort-feasors for all purposes, including applying SDCL 15–8–17 which states:

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but releases the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

If the Court rules that a *pro tanto* reduction is appropriate here, the Defendants who settled paid One Hundred Twenty-five Thousand Five Hundred Dollars ($125,500) for a second lawsuit. Unless the reduction is *pro rata*, SDCL 15–8–18 preserves the right of contribution. Those Defendants found liable would then be able to litigate the liability of the settling Defendants. Plaintiff, of course, argues that this is fair because he has agreed, in the settlement document, to indemnify the settling Defendants for any liability they may incur. However, this does not address the problem of application of the UCAJTA.

One of the clearly expressed and agreed purposes of the settlement documents is to *extinguish* the right of contribution. The documents state that "there shall exist no right of contribution ... on the part of or on behalf of any claimed joint tort-feasor." *See*, Theobald, et al., *Release and Indemnity Agreement* at page 4. Under SDCL 15–8–17, the extinguishment can *only* result from a *pro rata* reduction when that is larger. It must be assumed that Plaintiffs wished this statute triggered to accomplish the stated purpose of extinguishment.

It would be unfair to the settling Defendants to find that they purchased a second lawsuit with their One Hundred Twenty Thousand plus. The South Dakota Supreme Court specifically acknowledged the problems of collusive lawsuits should any other result occur.

The settlement documents, statutes, *Degen* and *Duncan* all compel the result in this case. The Court must reduce the verdict *pro rata* since that amount is larger pursuant to SDCL 15–8–17.

For the foregoing reasons, the Court will enter judgment in the amount of Four Hundred Sixteen Thousand Two Hundred Fifty Dollars ($416,250). [$1,250,000.00 × .33] (3 Defendants found liable/9 Defendants sharing liability). However, the Court also finds that the interest of justice dictates that this judgment will be entered *nunc pro tunc*, effective February 4, 1985.